IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEAN DELLINGER,

    Plaintiff,
vs.                                        CASE NO. 3:10cv323/RS-EMT

INTERNATIONAL RARITIES
CORPORATION,

    Defendant.
_____/

## ORDER

Before me is Defendant International Rarities Corporation's motion to dismiss (Doc. 14).

## I. STANDARD OF REVIEW

In order to overcome a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308,

1

1310 (11th Cir. 2000), citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999).

## II. BACKGROUND

Between 1975 and 2009, Plaintiff invested in gold bullion coins. Plaintiff amassed nearly 430 ounces of gold bullion coins, with an approximate worth of over $400,000. In January of 2009, Defendant began to solicit Plaintiff, through the mail and telephone calls, to exchange his gold bullion coins for what Defendant represented to be rare gold and silver coins. In response to these solicitations, Plaintiff sent approximately $377,282.65 worth of gold bullion coins to Defendant. In exchange, Defendant provided Plaintiff with what it represented to be $379,282.65 in rare gold coins.

Defendant continued to solicit Plaintiff, advising Plaintiff to convert his cash savings account into a safer asset such as Defendant's rare gold coins. As a result, Plaintiff transferred $99,100.00 to Defendant in exchange for more gold coins. In July of 2009, Defendant sent Plaintiff an evaluation of all the coins it had provided him, alleging their total value to be $563,990.00. Plaintiff had these coins appraised at the beginning of 2010, and the actual average value of the coins from Defendant was $228,538.83.

Plaintiff brings four counts against Defendant:

1. civil theft pursuant to Fla. Stat. §772.11,

2. conversion,

3. negligent hiring, training, and/or supervision, and

4. negligent misrepresentation.

Defendant's motion seeks dismissal of counts two and three.

### III. ANALYSIS

Count Two: Conversion

Under Florida law, conversion is defined as an act of dominion wrongfully asserted over another's property inconsistent with his ownership of it. *Belford Trucking Co. v. Zagar*, 243 So.2d 646,648 (Fla. 4th DCA 1970)(citation omitted). Defendant argues that Plaintiff's claim for conversion fails because the property Plaintiff alleges was converted is money, and in a conversion claim the property must be identified specifically.

What constitutes "property" which may be the subject of conversion has been the subject of considerable discussion, especially where the property alleged to have been converted consists of money or intangibles. *Belford Trucking Co. v. Zagar*, 243 So.2d 646,648 (Fla. 4th DCA 1970). The general rule is that an obligation to pay money cannot be enforced through an action for conversion. *Bel-Bel International Corp. v. Community Bank of Homestead*, 162 F.3d 1101, 1109 (11th Cir. 1998)(citing *Capital Bank v. G & J Invs. Corp.*, 468 So.2d 534, 535 (Fla. 3d DCA 1985). However, the "specific fund requirement" is an exception to this

3

rule. *Id.* at 1108. A claim for the conversion of money will stand when there is a specific fund capable of separate identification. *Id.* (citing *Bankest Imports, Inc. v. ISCA Corp.,* 717 F.Supp. 1537, 1542 (S.D. Fla. 1989)).

In this case, Plaintiff has specifically identified the type and amount of currency he gave to Defendant, thus satisfying the specific fund requirement. Furthermore, Plaintiff has alleged that the gold bullion coins are worth more than their face value as currency. S*ee* Doc. 9 at ¶14. Thus, the coins are more analogous to personal chattel than fungible currency, and the "specific fund" analysis is irrelevant. Therefore, dismissal of count two is not warranted.

<u>Count Three: Negligent Hiring, Training, and/or Supervision</u>

Defendant has also moved for dismissal of count three, arguing that this tort claim is barred by Florida's economic loss rule. The economic loss rule is a judicially created doctrine that prohibits parties in privity of contract from recovering in tort for purely economic damages. *Indemnity Ins. Co. of North America v. American Aviation, Inc.*, 891 So.2d 532, 536 (Fla. 2004). This rule was designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort. *Id.* Thus, parties to a contract cannot seek tort damages unless the conduct alleged is independent and distinct from the breach of contract. *All Care Nursing Service,*

4

*Inc. v. High Tech Staffing Services, Inc.*, 153 F.3d 740, 745 (11th Cir. 1998)(citation omitted).

Plaintiff argues that the parties are not in privity of contract because there was no written agreement between the parties, and therefore the economic loss rule does not apply. However, the statute of frauds is only relevant to the enforcement of a contract, not its existence. *See* AMJUR STATUTE FRD § 425. Furthermore, Plaintiff has submitted with his complaint numerous writings, including solicitations or "offers" from Defendant to Plaintiff. Plaintiff accepted these offers through his admitted actions in sending his gold coins to Defendant. Plaintiff further admits that a sale that took place. To argue that there was never an agreement between the parties defies all logic.

Thus, it is clear that even under Plaintiff's version of the facts an agreement existed between the parties, and therefore the economic loss rule applies. Count three is inextricably intertwined with issues arising out of the contract. Plaintiff's decision not to bring a breach of contract claim does not change the fact that the parties are in contractual privity and therefore prohibited from bringing a tort claim for matters arising out of the contract. Accordingly, count three is dismissed.

# IV. CONCLUSION

**IT IS ORDERED:**

1. Defendant's motion is **denied** as to count two of the complaint.

2. Defendant's motion is **granted** as to count three of the complaint, and count three is dismissed.

**ORDERED** on January 7, 2011.

                                          **/s/ Richard Smoak**
                                          **RICHARD SMOAK**
                                          **UNITED STATES DISTRICT JUDGE**