IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEAN DELLINGER,
    Plaintiff,

v.                                 Case No.: 3:10cv323/RS/EMT

INTERNATIONAL RARITIES CORPORATION,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        The district court referred this matter to the undersigned to conduct any necessary proceedings and to enter a report and recommendation on the "Motion for Sanctions for Defendant's Willful Violation of Scheduling Order and Discovery Rule" filed by Plaintiff Dean Dellinger ("Dellinger") (*see* docs. 71, 72). When Defendant International Rarities Corporation ("IRC") failed to file a timely response to Dellinger's motion, this court issued an order to show cause why the motion should not be granted (doc. 73). Counsel for IRC has now responded to the court's order to show cause (doc. 76).

        The discovery period in this case closed May 23, 2011. In the instant motion Dellinger essentially states that, shortly prior to the close of discovery, IRC representatives—through no fault of IRC's counsel (who has only recently appeared in the case)—willfully failed to appear for two Rule 30(b)(6) depositions. Dellinger also asserts that because the corporate representatives failed to appear, depositions of certain fact witnesses scheduled the same day had to be cancelled (*see* doc. 71 at 3–4). Dellinger additionally states that IRC has failed to comply with expert disclosure deadlines and certain mediation requirements. As relief, Dellinger seeks an order striking all of IRC's defenses, entering judgment against IRC, and setting the case for trial only to determine the amount of Dellinger's damages.

In the response to the order to show cause, counsel for IRC states that Defendant recently "began consulting with bankruptcy attorneys in its home state of Minnesota regarding a potential reorganization of its business. IRC has determined such a reorganization is appropriate and necessary" (doc. 76 at 1). Further, according to the response, IRC "did not attend the depositions that are the subject of Plaintiff's pending motion based on the belief that it needed to devote limited resources to pursuing that reorganization as quickly as possible. Moreover, based on preliminary discussions with bankruptcy attorneys in Minnesota, IRC believed that a bankruptcy petition was imminent. IRC is continuing consultations with bankruptcy counsel in Minnesota and believes a reorganization of its business is likely to occur within the next several weeks." (*Id.*). The response also indicates that IRC "contest[s] the various allegations made by Plaintiff in this case" and thus "opposes Plaintiff's motion for sanctions to the extent that motion requests the entry of a default judgment." (*Id.*).

Under Fed. R. Civ. P. 37(b)(2)(A), a discovery sanction may take the form of striking pleadings, staying proceedings, dismissing an action or any part thereof, or rendering a judgment by default against a disobedient party.[1] Although courts have broad discretion to tailor appropriate sanctions under Rule 37, this discretion is not unbridled. United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). Dismissal or entry of a default judgment is a drastic remedy and should be resorted to only in extreme situations. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). *See* Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985) (dismissal may be appropriate when a party's recalcitrance is due to "'willful bad faith and callous disregard' of court directives."). Indeed, default judgments generally are disfavored in the Eleventh Circuit. *See, e.g.*, Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002), and In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).

In the instant matter, Dellinger's factual assertions regarding IRC's alleged discovery abuses—and IRC's representations in response—do not suggest to this court a situation so extreme

---

[1] Fed. R. Civ. P. 37(c)(1)(C) provides that sanctions may include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

that entry of default judgment is warranted at this time. Even accepting that Dellinger's allegations are true, the court concludes that sanctions less drastic than the ultimate sanction of default judgment requested by Dellinger (such as monetary sanctions) are available and should suffice under the circumstances. The undersigned therefore concludes that Dellinger's motion for sanctions, which includes requests to strike IRC's defenses and enter a default judgment, should be denied.[2]

Accordingly, it is respectfully **RECOMMENDED**:

That Dellinger's "Motion for Sanctions for Defendant's Willful Violation of Scheduling Order and Discovery Rule" (doc. 71) be **DENIED**.

At Pensacola, Florida this 21st day of June 2011.

s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] The court recognizes that should a suggestion of bankruptcy be filed on IRC's behalf, the case will be automatically stayed, *see* 11 U.S.C. § 362(a)(1), and such stay will remain in effect until the bankruptcy case has been disposed of by the bankruptcy court. *See* 11 U.S.C. § 362(c). As no suggestion of bankruptcy has been filed as of the date of this report and recommendation, however, the case is active and thus the court retains the authority to act on the pending motion for default judgment.

Moreover, since the discovery deadline has passed, and it is evident that discovery was not completed prior to deadline (apparently, through no fault either of Dellinger or IRC's new counsel), a limited reopening of discovery may be appropriate if no suggestion of bankruptcy is filed.

Case No.: 3:10cv323/RS/EMT